BLACK, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s decision to remand this case as to Brady’s as-applied first amendment claim with respect to his discharge and as to Appellants’ facial first amendment claim with respect to the dissent policy. I respectfully disagree, however, with the majority’s decision to entertain Brady’s claim that his procedural due process rights were violated because the individual Trustees and the Board were biased against him.
It is undisputed that Brady failed to appeal the Board’s decision in state court. His procedural due process claim is therefore squarely barred, as a matter of law, by this Court’s en banc holding in McKinney v. Pate, 20 F.3d 1550 (11th Cir.1994) (en banc), *845 cert. denied, — U.S. —, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995).[1] In that case, Appellant Millard McKinney was also a state employee challenging his termination, which was rendered by a state administrative body. Id. at 1554-1555. Like Brady, McKinney’s procedural due process claim was not that he did not receive a hearing, but that the hearing was before a biased decision maker. Id. at 1562. Like Brady, McKinney did not appeal his termination in the state court system, but instead filed a § 1988 suit. Id. at 1555.
The Court held that McKinney did not state a procedural due process claim because “due process is satisfied when the challenger has an opportunity to present his allegations and to demonstrate the alleged bias.” Id. at 1562. The Court reasoned that “even if McKinney suffered a procedural deprivation at the hands of a biased Board at his termination hearing, he has not suffered a violation of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation.” Id. at 1563 (emphasis in original). Addressing whether McKinney had remedies available, the Court concluded that “[e]ven if McKinney’s bias allegations are true, the presence of a satisfactory state remedy mandates that we find that no procedural due process violation occurred.” Id. at 1564.
Thus, pursuant to the holding of McKinney, even if Brady’s allegations of bias are true, he has not suffered a procedural due process violation because state court remedies were available to him after the Board rendered its decision. To clarify this point, I agree with the majority’s statement at footnote 3 that a § 1983 claim cannot be barred by a plaintiffs failure to exhaust state remedies with respect to an unreviewed administrative action. It should be noted, however, that neither this dissent nor the holding in McKinney intends to create an exhaustion requirement. Instead, these holdings go directly to the existence of a constitutional violation in the first instance. See id. at 1564 n. 20. Brady, like McKinney, had a state remedy to challenge the Board’s deprivation of his property rights. He simply does not have a procedural due process claim unless and until the Florida courts fail to provide him with that remedy.
For these reasons, I respectfully dissent from the majority’s decision to remand the case to determine whether Brady’s procedural due process rights were violated.

. Although the majority opinion briefly addresses McKinney in footnote 10 as an issue to be considered on remand, the issue should be disposed of by this Court. First, the fact that the parties did not discuss McKinney in their briefs does not vitiate this court’s ability to base its holding on that case. See Ford v. United States, 989 F.2d 450, 453 (11th Cir.1993) (stating that ”[w]e have the discretion to consider a new theory if the issue is a pure question of law and the court's failure to consider it would result in a miscarriage of justice”). Second, our constitutional inquiry in procedural due process questions focuses on the state’s ability to provide either pre- or post-deprivation process. See Parratt v. Taylor, 451 U.S. 527, 538, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). Such an inquiry can be answered as a matter of law by an appellate court. See Hudson v. Palmer, 468 U.S. 517, 534-536, 104 S.Ct. 3194, 3204-3205, 82 L.Ed.2d 393 (1984).